# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:10-CR-0131** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **JOSE M. ORTIZ** | : | |

## ORDER

AND NOW, this 26th day of August, 2014, upon consideration of the application (Doc. 72) to proceed *in forma pauperis* filed by defendant Jose M. Ortiz ("Ortiz"), and further upon consideration of Ortiz's accompanying motion (Doc. 71) pursuant to Federal Rule of Criminal Procedure 36, wherein Ortiz moves the court to correct a perceived error in the Bureau of Prisons' ("BOP") failure to award him approximately fifteen (15) months of time served credit toward his federal sentence, (see id. ¶ 6), and wherein Ortiz specifically argues that his time served from March 10, 2010, through June of 2011 was erroneously excluded from the BOP's sentence calculations, (see id. ¶ 7), but the court observing that the BOP, and not the court, is responsible for calculating and awarding time served credits, see United States v. Sanchez, 484 F. App'x 701, 702 (3d Cir. 2012) (nonprecedential) ("The authority to calculate and award credit against a sentence for time served pursuant to 18 U.S.C. § 3585(b) rests exclusively with the Attorney General, who acts through the BOP.") (citing United States v. Wilson, 503 U.S. 329, 333-35 (1992)), and further observing that claims for time served credit are not properly raised under Rule 36, id. (holding that a "claim for credit is not cognizable in a proceeding pursuant to Federal Rule of Criminal Procedure 36") (citing United States v. Mares, 868 F.2d 151, 151 (5th Cir.

1989)), but instead that federal inmates may seek judicial review of time served calculations exclusively pursuant to 28 U.S.C. § 2241 and only after exhausting administrative remedies within the BOP, id. (citing United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993); Soyka v. Alldredge, 481 F.2d 303, 304-06 (3d Cir. 1973)); also United States v. Rittenhouse, No. 3:09-cr-266, 2014 WL 1786097, at *2 (M.D. Pa. May 5, 2014) (noting same in response to similar Rule 36 motion seeking credit for pretrial time served),[1] and there being no indication in Ortiz's instant filing or the record that he has attempted to resolve the perceived miscalculation through the BOP's grievance system, (see Doc. 71), it is hereby ORDERED that:

1. The motion (Doc. 72) to proceed *in forma pauperis* is GRANTED.

2. The motion (Doc. 71) for correction of error pursuant to Federal Rule of Criminal Procedure 36 is DENIED.

3. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

4. The above-captioned matter remains CLOSED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The court notes that a petition pursuant to 28 U.S.C. § 2241 may only be brought in the district where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004) ("For core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Ortiz is presently incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). (See Doc. 71 at 5). FMC Butner is located in Granville County, North Carolina, and, as a consequence, only the District Court for the Eastern District of North Carolina has jurisdiction over any § 2241 petition Ortiz may file. See 28 U.S.C. § 113(a).